## JOHN BROWN *versus* MOSES COPP.

In pleading a deed, in cases where a deed is necessary, *ex institutione legis,* it must be pleaded with a profert. But it is otherwise, where a deed is made necessary *ex provisione hominis.*

The want of a profert is fatal upon special demurrer. A contract by deed can be altered after it is completed, only by deed.

DEBT upon a bond. The defendant craved oyer of the bond, and of the condition, which was in substance, that if the defendant should perform the award of three arbitrators, chosen by the parties to determine certain matters in controversy between them, so as the said award

Brown
*v.*
Copp.

be made in writing, and ready on or before the first day of December, 1828, then the bond to be void, else to remain in full force, and then pleaded no award on or before the said 1st December, 1828.

To this plea the plaintiff replied, that on the 4th November 1828, the parties, " by their writing obligatory of that date, by them duly executed, and sealed with their seals, agreed that the time mentioned in said condition of said bond, for the arbitrators in said bond to make and deliver their said award, be extended to the 1st July, 1829." He then set out an award made within the extended time, and alleged a refusal by the defendant to perform the award.

To this replication the defendant demurred, and showed for cause of demurrer, that there was in the replication no profert of the deed by which the time of making the award was agreed to be extended.

The plaintiff joined in demurrer.

*Lyford,* for the plaintiff.

*Cogswell,* for the defendant.

*By the court.* The first question is, whether a profert of the deed, by which the time for making the award was extended, was necessary in the plaintiff's replication ?

It is manifest, that the plaintiff's title to maintain this action depends upon that deed. For unless he can show a binding award, his action fails, and there could be no binding award made after the 1st December, 1828, unless the time for making the award stated in the condition of the bond was extended by a deed. A deed cannot be altered after it is made, unless it be by an instrument of as high a nature. 2 B. & C. 179, *Creig* v. *Talbot;* 3 D. & E. 592, note.

When a party claims by deed, in pleading he ought to make a profert of the deed to the court. This is a general rule. Buller's N. P. 249 ; Com. Dig. " Pleader" O, 1—17 ; 10 Coke, 92 ; 1 Chitty's Pl. 348. But when a

deed is stated only by way of inducement, a profert is unnecessary. 1 Chitty's Pl. 349 ; 8 D. & E. 571, *Banfil v. Lugh.*

Brown
*v.*
Copp.

There are cases in which, where a deed is made necessary *ex provisione hominis*, there need be no profert of it in pleading. But in cases where a deed is necessary *ex institutione legis*, there a profert must be made in pleading. For it is said to be repugnant that the law should require a deed, and not put the party to show the deed when it is made. 6 Coke, 38, *Bellamy's Case.* Buller's N. P. 250.

In this case the deed alleged in the replication was, *ex institutione legis*, necessary to show a legal extension of the time within which the award might be made, and we are of opinion that a profert was necessary.

It is well settled that the omission of a profert, where it is necessary, is fatal upon a special demurrer. Com. Dig. " Pleader," O, 17 ; 1 Chitty's Pl. 350.

*Replication adjudged insufficient.*